UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SAINT-GOBAIN ABRASIVES, INC.,
    Plaintiff

V.                                      CIVIL ACTION NO. 04-40199

KOHLER CO.,
    Defendant

## SAINT-GOBAIN ABRASIVES, INC.'S
## ANSWER TO DEFENDANT'S COUNTERCLAIM

Now comes the plaintiff, defendant-in-counterclaim, Saint-Gobain Abrasives, Inc. ("SGA") and answers the defendant, plaintiff-in-counterclaim, Kohler Company's ("Kohler") counterclaim as follows:

1.    SGA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.    SGA admits the allegations in paragraph 2.

3.    Paragraph 3 states a legal conclusion to which no responsive pleading is required.

4.    Paragraph 4 states a legal conclusion to which no responsive pleading is required.

5.    SGA admits that, at various times prior to 2003, it was engaged with Kohler in discussions regarding the concept of a national contract between Kohler and SGA for the purchase of abrasives by Kohler. SGA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6.    SGA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.    SGA denies the allegations in paragraph 7.

{H:\PA\Lit\15877\37010\A0752495.DOC}

8. SGA admits so much of paragraph 8 as alleges that it entered into an agreement with Kohler on or about June 23, 2003 relative to certain designated Kohler facilities. As for those portions of paragraph 8 that purport to characterize portions of the agreement, the agreement speaks for itself, and no response is required. SGA denies the remaining allegations of paragraph 8.

9. The June 23, 2003 Agreement speaks for itself and, therefore, no further answer is required to paragraph 9.

10. The June 23, 2003 Agreement speaks for itself and, therefore, no further answer is required to paragraph 10

11. The June 23, 2003 Agreement speaks for itself and, therefore, no further answer is required to paragraph 11.

12. SGA admits so much of paragraph 12 as alleges that it entered into discussions with Kohler's Searcy, Arkansas facility during the summer of 2003 concerning an Addendum to the June 23, 2003 Agreement covering all Bear-Tex (non-woven nylon) abrasive products purchased from SGA by that facility. SGA denies the remaining allegations in paragraph 12.

13. SGA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. SGA admits so much of paragraph 14 as alleges that it entered into the "Searcy Addendum" with Kohler on or about August 21, 2003, designating SGA as the single source supplier for all Bear-Tex (non-woven nylon) abrasive products between August 1, 2003, and July 31, 2006, for Kohler's Searcy, Arkansas facility. SGA denies the remaining allegations of paragraph 14.

15. SGA denies the allegations in paragraph 15.

16. SGA admits so much of paragraph 16 as alleges that it entered into discussions with Kohler's Reynosa, Mexico facility at some point in 2003 concerning an Addendum to the June 23, 2003 Agreement covering all abrasive products purchased from SGA by that facility. SGA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. SGA denies the allegations in paragraph 17.

18. SGA denies the allegations in paragraph 18.

19. The "Reynosa Addendum" speaks for itself and, therefore, no further response is required to the allegations of paragraph 19.

## COUNT I

20. SGA incorporates by reference its answers to paragraphs 1 through 19 above, as though fully set forth herein.

21. SGA denies the allegations in paragraph 21.

22. SGA denies the allegations in paragraph 22.

## COUNT II

23. SGA incorporates by reference its answers to paragraphs 1 through 22 above, as though fully set forth herein.

24. The Searcy Addendum and Reynosa Addendum speak for themselves and, therefore, no further response is required to the allegations in paragraph 24.

25. SGA denies the allegations in paragraph 25.

## COUNT III

26. SGA incorporates by reference its answers to paragraphs 1 through 25 above, as though fully set forth herein.

27. SGA denies the allegations in paragraph 27.

28. SGA denies the allegations in paragraph 28.

## COUNT IV

29. SGA incorporates by reference its answers to paragraphs 1 through 28 above, as though fully set forth herein.

30. SGA denies the allegations in paragraph 30.

31. SGA denies the allegations in paragraph 31.

## COUNT V

32. SGA incorporates by reference its answers to paragraphs 1 through 31 above, as though fully set forth herein.

33. SGA denies the allegations in paragraph 33.

34. SGA denies the allegations in paragraph 34.

35. SGA denies the allegations in paragraph 35.

## COUNT VI

36. SGA incorporates by reference its answers to paragraphs 1 through 35 above, as though fully set forth herein.

37. SGA admits that portion of paragraph 37 as purports to characterize SGA's position with respect to this dispute. SGA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37.

38. SGA admits that an actual controversy exists between the parties to this litigation.

## COUNT VII

39. SGA incorporates by reference its answers to paragraphs 1 through 38 above, as though fully set forth herein.

40. SGA admits the allegations in paragraph 40.

41. SGA denies the allegations in paragraph 41.

42. SGA denies the allegations in paragraph 42.

43. SGA admits that portion of paragraph 43 as alleges that SGA is aware of Kohler's current position regarding the authority of personnel at Kohler's Searcy and Reynosa facilities to execute binding agreements on Kohler's behalf. SGA denies the remaining allegations of paragraph 43.

## FIRST AFFIRMATIVE DEFENSE

Kohler has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Kohler's actions are barred by a prior accord and satisfaction.

## THIRD AFFIRMATIVE DEFENSE

Kohler is barred from recovery or relief by the doctrines of equitable estoppel, waiver and laches.

## FOURTH AFFIRMATIVE DEFENSE

Kohler has breached its duty of good faith and fair dealing.

## FIFTH AFFIRMATIVE DEFENSE

Kohler's damages, as alleged, were caused by acts of others over whom plaintiff had no control.

## SIXTH AFFIRMATIVE DEFENSE

Kohler, through its own conduct, has waived any rights to relief it may have had against the plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Kohler's claim is barred by the principal of equity.

## EIGHTH AFFIRMATIVE DEFENSE

Kohler's claim is barred by the doctrine of unclean hands.

**SAINT-GOBAIN ABRASIVES, INC.**

By its attorneys,

_____
Robert L. Hamer, Esq.
BBO #218715
Michele P. Rosano, Esq.
BBO #554043
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 BankBoston Tower
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: January 5, 2005

## CERTIFICATE OF SERVICE

I, Robert L. Hamer, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to **George C. Rockas**, Esq. Wilson, Elser, ME&D, LLP, 155 Federal Street, Boston, MA, 02110.

_____
Robert L. Hamer, Esq.

Dated: January 5, 2005